UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA ST. ONGE,

       Plaintiff,                           CASE NO. 04-71329

-vs-                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE
LIVINGSTON COUNTY,

       Defendant.
_____/

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; and**

**(2) DENYING DEFENDANT'S COUNTERMOTION TO STRIKE PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On June 17, 2005, Plaintiff filed a Motion to Strike Defendant's Reply Brief. On July 6, 2005, Defendant filed its Response to Plaintiff's Motion and filed a Counter-Motion to Strike Portions of Plaintiff's Response to Defendant Motion for Summary Judgment. For the reasons explained below, the Court grants Plaintiff's Motion and denies Defendant's Counter-Motion.

Plaintiff argues that Defendant's Reply brief should be stricken because it exceeds the page limit set forth in LR 7.1(c)(3)(A). Plaintiff contends that because Defendant's attachments are nothing more than vehicles for additional argument, the attachments should properly be considered part of the main brief. Plaintiff further contends that Defendant's affidavits should be stricken because they contain argument, hearsay, opinion and other improper content.

1

Plaintiff also requests sanctions against Defendant by virtue of the Court's power to sanction parties for violation of a local court rule.[1]

Defendant responds to Plaintiff's argument that its affidavits should be stricken because they advance defendant's central theme in its motion as follows:

> it appears Plaintiff has failed to grasp at least three important concepts in litigation.  First, that the purpose of filing a Response Brief is to advance a party's legal argument.  Second, that the facts support Defendant's position that Plaintiff was assigned to work the front counter and her employment was terminated for legitimate, non-discriminatory reasons.  Third, that the purported "evidence" submitted in opposition to Defendant's Motion, in reality, is not evidence but constitutes inadmissible rumor, speculation and innuendo.

(Defendant's Response, at 4).

The Court agrees that the purpose of filing a Response Brief is to advance a party's legal argument, however, it must be presented within the confines of this Court's Local Rules and the Federal Rules of Civil Procedure.  The Court finds that Defendant's Reply Brief was not in compliance with LR 7.1(c)(3)(B) considering the attached affidavits were used as additional tools for argument and not to present facts.  The inclusion of Defendant's attached affidavits into Defendant's Reply Brief far exceeds the applicable page limit.

Federal Rule of Civil Procedure 56(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such as facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e).

Defendant's affidavits were not used for factual testimony based upon personal

---

[1] The declines to issue sanctions against Defendant for its violation of LR 7.1(c) (3)(B).  The Court finds that striking Defendant's Reply Brief and its attachments are the appropriate measure.

knowledge but rather to reiterate its main arguments in support of summary judgment, particularly Plaintiff's alleged poor work performance. The Court agrees with Plaintiff's contention that Defendant's affidavits attached to its Reply brief advance additional argument and should properly be considered part of the brief. Argument is not the proper function of affidavits.

Defendant's attached affidavits are presented in a way so as to reinforce Defendant's argument for summary judgment and rebut Plaintiff's contentions. As Plaintiff noted, Defendant's affidavits use of identical paragraphs to express ultimate conclusions across multiple affidavits are evidence of arguments drafted by defense counsel and incorporated into the affidavits. (See Bailey-Rousch Affidavit ¶5, Peckins Affidavit ¶5, Coan-Bradley ¶6). Defendant's affidavits also present ultimate legal conclusions such as "the change had nothing to do with the fact that Sandra St. Onge was a cancer survivor or because she had requested and obtained benefits under the Family Medical Leave Act." (Chafy Affidavit ¶2). The Court notes that the Chafy Affidavit in particular is replete with footnotes and has over sixty five pages of exhibits supporting her statements in the affidavit.

The Court finds that the affidavits, in large part, are merely an extension of Defendant's arguments advanced in its Reply Brief. Therefore, Defendant's Reply Brief is stricken as exceeding the five page limit set forth in LR 7.1(c) (3)(B) because Defendant uses its attached affidavits to present further argument in support of summary judgment.

As noted, Defendant submits a Counter-Motion contending that portions of Plaintiff's Response should be stricken. Defendant makes extensive arguments regarding the relevance and admissibility of statements contained in Plaintiff's Response Brief. Defendant does not appear

to object to the affidavits themselves (as Plaintiff does) but rather Plaintiff's use of the evidence in the record as presented in her Response. Defendant sets forth an extensive attack upon most of the factual assertions contained in Plaintiff's Response. Defendant argues that "if unsubstantiated opinions based on rumor, speculation and gossip in co-workers affidavits offered by Defendant are inadmissible, neither are the same type of statements offered by Plaintiff." (Defendant's Response, at 11). The Court emphasizes that it is striking Defendant's Reply not based upon the inadmissibility of particular statements contained in Defendant's affidavits, but rather because Defendant's affidavits as a whole read similar to a legal brief and are an extension of Defendant's legal arguments. To the extent Defendant objected to evidence offered by Plaintiff in her Response, Defendant should have advanced these arguments in her Reply - not in a retaliatory counter-motion. Further, the Court will address the relevance and admissibility of the evidence submitted by both parties in its Order adjudicating Defendants' Motion for Summary Judgment.

    In conclusion, the Court grants Plaintiff's Motion to Strike and Denies Defendant's Motion to Strike Portions of Plaintiff's Response.

**SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: July 8, 2005

                    CERTIFICATE OF SERVICE

    Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 8, 2005.

                                            s/Jonie Parker
                                            Case Manager